AO 91
Rev. 11/97

## CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>NICHOLAS CASTRO | DOCKET NO.<br><br>MAGISTRATE CASE NO.<br>10-2416M |

FILED CLERK, U.S. DISTRICT COURT
OCT - 6 2010
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

NOTE CHANGES MADE BY THE COURT

| Complaint for violations of Title 18, United States Code, Section 641. | | |
|---|---|---|
| NAME OF MAGISTRATE JUDGE<br>HONORABLE ALICIA G. ROSENBERG | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Los Angeles, CA |
| DATE OF OFFENSE<br>April 3, 2008 | PLACE OF OFFENSE<br>Los Angeles County, CA | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

**Count 1:**
Beginning on or about April 3, 2008, and continuing without interruption until in or about November 2008, in Los Angeles County and Riverside County, within the Central District of California, and elsewhere, defendant NICHOLAS CASTRO knowingly embezzled, stole, purloined, and converted to his own use and the use of another money of the United States Railroad Retirement Board ("RRB"), a department and agency of the United States, that is, unemployment benefit payments having an aggregate value of approximately $9,634, with the intent to deprive the RRB of the use and benefit of that money.

**Count 2:**
Beginning on or about May 1, 2008, and continuing without interruption until in or about May 14, 2008, in Los Angeles County and Riverside County, within the Central District of California, and elsewhere, defendant NICHOLAS CASTRO knowingly embezzled, stole, purloined, and converted to his own use and the use of another money of the United States Railroad Retirement Board ("RRB"), a department and agency of the United States, that is, unemployment benefit payments having an aggregate value of approximately $590, with the intent to deprive the RRB of the use and benefit of that money.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>MARGARET LEW /S/ |
|---|---|
| | OFFICIAL TITLE<br>SPECIAL AGENT -- U.S. RRB |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1)<br>Jay C. Gandhi | DATE<br>October 6, 2010 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.
AUSA David L. Kirman          REC: Bond

## AFFIDAVIT

I, Margaret Lew, being duly sworn, declare and state:

### I. INTRODUCTION

1. I am a Special Agent ("SA") with the Office of Inspector General of the United States Railroad Retirement Board ("RRB"), and have been so employed since June 2007. I am currently assigned to the San Diego Domicile Office, where I investigate violations of Federal law relating to the RRB programs including retirement, disability, unemployment, sickness, and Medicare. I completed 9 1/2 weeks of formal training relating to criminal investigations through the Federal Law Enforcement Training Center. I also completed 4 weeks of formal training through Office of Inspector General program at the Federal Law Enforcement Training Center. Prior to my employment with the RRB, I was employed as a SA with the Office of Inspector General of the U.S. Office of Personnel Management for 4 years, a Health Care Fraud Auditor with the U.S. Attorney's Office in the Southern District of California for 6 years, and a Program Auditor with the Office of Inspector General of the U.S. Department of Agriculture for 7 years.

### II. PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of a criminal complaint and summons for Nicholas Castro ("CASTRO") for felony

1

and misdemeanor violations of Title 18, United States Code, Section 641: Theft of Government Funds.

3. The facts set forth in this affidavit are based on my personal observations, my participation in this investigation, my training and experience, and the information obtained from other witnesses and sources. This affidavit is intended to show probable cause for the requested criminal complaint and summons against CASTRO and does not purport to set forth all of my knowledge of, or investigation, into this matter.

III. **PROBABLE CAUSE**

**CASTRO earned income while receiving RRB unemployment benefits**

4. On April 27, 2009, the RRB Sickness and Unemployment Benefits Division made a referral to the Office of Inspector General ("OIG") alleging that CASTRO earned income in California while receiving RRB unemployment benefits.

5. On May 21, 2009, the case was assigned to me and I reviewed the case file with documents relating to this matter. From those documents I learned:

   a. CASTRO was employed by the Arizona and California Railroad Company as a truck inspector and was discharged on March 5, 2008.

   b. CASTRO applied for RRB unemployment benefits on March 30, 2008.

2

    c.    CASTRO was eligible to receive RRB unemployment benefits starting on March 6, 2008.

    d.    On March 30, 2008, before receiving RRB unemployment benefits, CASTRO certified that he understood and agreed to the requirements in the UB-10, the RRB unemployment benefits manual, which describes RRB unemployment benefits.

    e.    CASTRO submitted claims for unemployment benefits on a bi-weekly basis certifying that he was available for work and that he was unemployed (not working or earning income) during the claim period. The claim form required that CASTRO affirmatively mark the days for the period that he was not employed. The bi-weekly claims form also required CASTRO to certify that he has read and understood the UB-10.

    f.    CASTRO submitted claims for unemployment benefits from the period beginning March 6, 2008 through the period beginning January 22, 2009.

    g.    In fact, CASTRO was employed by Con-Way Freight Inc. from April 14, 2008 through November 28, 2008.

    h.    CASTRO received RRB unemployment benefits in which he was not entitled to in the amount of $9,634.00 for the days he was employed at Con-Way Freight Inc.

## IV. SUSPECT INTERVIEW

6.    On January 13, 2010, I conducted an interview with CASTRO. The interview was conducted at CASTRO's home in Blythe,

3

AO 91
Rev. 11/97

# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>NICHOLAS CASTRO | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>10-2416M |

FILED CLERK, U.S. DISTRICT COURT
OCT - 6 2010
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

NOTE CHANGES MADE BY THE COURT

Complaint for violations of Title 18, United States Code, Section 641.

| NAME OF MAGISTRATE JUDGE<br>HONORABLE ALICIA G. ROSENBERG | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Los Angeles, CA |
|---|---|---|
| DATE OF OFFENSE<br>April 3, 2008 | PLACE OF OFFENSE<br>Los Angeles County, CA | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

**Count 1:**
Beginning on or about April 3, 2008, and continuing without interruption until in or about November 2008, in Los Angeles County and Riverside County, within the Central District of California, and elsewhere, defendant NICHOLAS CASTRO knowingly embezzled, stole, purloined, and converted to his own use and the use of another money of the United States Railroad Retirement Board ("RRB"), a department and agency of the United States, that is, unemployment benefit payments having an aggregate value of approximately $9,634, with the intent to deprive the RRB of the use and benefit of that money.

**Count 2:**
Beginning on or about May 1, 2008, and continuing without interruption until in or about May 14, 2008, in Los Angeles County and Riverside County, within the Central District of California, and elsewhere, defendant NICHOLAS CASTRO knowingly embezzled, stole, purloined, and converted to his own use and the use of another money of the United States Railroad Retirement Board ("RRB"), a department and agency of the United States, that is, unemployment benefit payments having an aggregate value of approximately $590, with the intent to deprive the RRB of the use and benefit of that money.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>MARGARET LEW /S/ |
|---|---|
| | OFFICIAL TITLE<br>SPECIAL AGENT -- U.S. RRB |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1)<br>Jay C. Gandhi | DATE<br>October 6, 2010 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.
AUSA David L. Kirman           REC: Bond

**AFFIDAVIT**

I, Margaret Lew, being duly sworn, declare and state:

I. **INTRODUCTION**

1. I am a Special Agent ("SA") with the Office of Inspector General of the United States Railroad Retirement Board ("RRB"), and have been so employed since June 2007. I am currently assigned to the San Diego Domicile Office, where I investigate violations of Federal law relating to the RRB programs including retirement, disability, unemployment, sickness, and Medicare. I completed 9 1/2 weeks of formal training relating to criminal investigations through the Federal Law Enforcement Training Center. I also completed 4 weeks of formal training through Office of Inspector General program at the Federal Law Enforcement Training Center. Prior to my employment with the RRB, I was employed as a SA with the Office of Inspector General of the U.S. Office of Personnel Management for 4 years, a Health Care Fraud Auditor with the U.S. Attorney's Office in the Southern District of California for 6 years, and a Program Auditor with the Office of Inspector General of the U.S. Department of Agriculture for 7 years.

II. **PURPOSE OF AFFIDAVIT**

2. This affidavit is made in support of a criminal complaint and summons for Nicholas Castro ("CASTRO") for felony

1

and misdemeanor violations of Title 18, United States Code, Section 641: Theft of Government Funds.

3. The facts set forth in this affidavit are based on my personal observations, my participation in this investigation, my training and experience, and the information obtained from other witnesses and sources. This affidavit is intended to show probable cause for the requested criminal complaint and summons against CASTRO and does not purport to set forth all of my knowledge of, or investigation, into this matter.

### III. PROBABLE CAUSE

**CASTRO earned income while receiving RRB unemployment benefits**

4. On April 27, 2009, the RRB Sickness and Unemployment Benefits Division made a referral to the Office of Inspector General ("OIG") alleging that CASTRO earned income in California while receiving RRB unemployment benefits.

5. On May 21, 2009, the case was assigned to me and I reviewed the case file with documents relating to this matter. From those documents I learned:

    a. CASTRO was employed by the Arizona and California Railroad Company as a truck inspector and was discharged on March 5, 2008.

    b. CASTRO applied for RRB unemployment benefits on March 30, 2008.

2

c.      CASTRO was eligible to receive RRB unemployment benefits starting on March 6, 2008.

d.      On March 30, 2008, before receiving RRB unemployment benefits, CASTRO certified that he understood and agreed to the requirements in the UB-10, the RRB unemployment benefits manual, which describes RRB unemployment benefits.

e.      CASTRO submitted claims for unemployment benefits on a bi-weekly basis certifying that he was available for work and that he was unemployed (not working or earning income) during the claim period. The claim form required that CASTRO affirmatively mark the days for the period that he was not employed. The bi-weekly claims form also required CASTRO to certify that he has read and understood the UB-10.

f.      CASTRO submitted claims for unemployment benefits from the period beginning March 6, 2008 through the period beginning January 22, 2009.

g.      In fact, CASTRO was employed by Con-Way Freight Inc. from April 14, 2008 through November 28, 2008.

h.      CASTRO received RRB unemployment benefits in which he was not entitled to in the amount of $9,634.00 for the days he was employed at Con-Way Freight Inc.

IV. **SUSPECT INTERVIEW**

6.      On January 13, 2010, I conducted an interview with CASTRO. The interview was conducted at CASTRO's home in Blythe,

3

California. SA William Fergus witnessed the interview. CASTRO was seated at the kitchen table with the agents.

7. Prior to interviewing CASTRO, I informed him that the interview was voluntary and could be stopped at any time. I presented CASTRO with copies of his unemployment benefits application in addition to his unemployment benefit claims during the time period he was employed at Con-Way Freight, Inc. CASTRO confirmed that he submitted the application and claims presented to him. CASTRO also confirmed that he worked for Con-Way Freight, Inc. as a forklift operator at the same time he was submitting claims for unemployment benefits. CASTRO claimed that he believed the unemployment benefits were benefits he had previously paid into the RRB system and were funds he was entitled to receive. When CASTRO was shown the language and instructions on the claim forms, he claimed that he misunderstood how he was suppose to complete his claim forms and concluded that he should not have received unemployment benefits while working.

8. CASTRO indicated he was willing to pay restitution.

## V. REVIEW OF SPECIFIC CLAIM FORM

9. Based on my training and experience, I reviewed a specific claim for unemployment benefits for a two-week period. For the claim period beginning on May 1, 2008, CASTRO submitted an unemployment claim on May 14, 2008 for which he was paid $590.00. CASTRO marked on the claim that he was unemployed from

4

May 1, 2008 through May 14, 2008. When compared to the daily calendar submitted by Con-Way Freight, Inc. dated December 11, 2008, CASTRO was working for Con-Way Freight, Inc. on May 1, 2008, May 2, 2008, May 5, 2008 - May 9, 2008, and May 12, 2008 - May 14, 2008. Con-Way Freight, Inc. paid CASTRO $375.27 on May 9, 2008 for pay period May 3, 2008 and $353.44 on May 16, 2008 for pay period May 10, 2008.

## VI. CONCLUSION

10. Based on the foregoing, I believe there is probable cause to support the issuance of a complaint and summons for CASTRO for misdemeanor and felony violations of Title 18, United State Code Section 641: Theft of Government Funds.

/S/
_____
Margaret Lew
Special Agent
United States Railroad Retirement
Board, Office of Inspector General


Subscribed to and sworn to before me
on this ___ day of October, 2010

Jay C. Gandhi
_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

5